## Emma E. Orcutt v. Sarah M. Isham.

1. LANDLORD AND TENANT—*Waiver of Ground of Complaint by Tenant—Estoppel.*—A tenant remaining in possession and paying rent not only for months during which a cause of complaint existed, but for several months afterward, is estopped from setting up such cause of complaint in justification of an abandonment of the premises.

2. SAME—*Tenant Liable for All Rent Agreed On—Exceptions.*—A tenant having entered is liable for all the rent as agreed, notwithstanding he has ceased to occupy, unless something has happened to put an end to the tenancy.

3. SAME—*No Relief Against Covenant to Pay Rent Unless, etc.*—It is a general rule of law that a lessee has no relief against an express covenant to pay rent unless he has protected himself by an express covenant in the lease; he is not at liberty to select such portions of the term as he is pleased to enjoy and repudiate the balance.

4. PRACTICE—*Remarks by the Court During Trial.*—Though part of the language used by a judge at a trial may have been subject to criticism, the remarks should not cause the reversal of a judgment which is substantially right upon the whole record.

**Transcript,** from a justice of the peace. Appeal from the Circuit Court of Cook County; the Hon. ABNER SMITH, Judge, presiding. Heard

Orcutt v. Isham.

in this court at the March term, 1897.   Affirmed.   Opinion filed May 6, 1897.

H. S. & F. S. OSBORNE and ROBERT F. PETTIBONE, attorneys for appellant.

COWEN & HOUSEMAN, attorneys for appellee.

MR. PRESIDING JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

This appeal is from a judgment for $167.50 for rent due under a written lease of a flat to be occupied as a dwelling, " including steam heat and hot water at all times as may be required by the party of the second part."

The lease was for a term beginning February 15, 1894, and ending April 30, 1895, at a gross rental of $725, payable in monthly installments of $50 each.

The appellant occupied the premises from February 15th until the end of June, 1894, when she sub-let them and went to the country for July, August and September. Returning from the country on October 1st, she again occupied the flat until October 15, 1894, when she vacated it and refused to pay any more rent.

The recovery was for the rent at the stipulated rate for a period of two months from October 15th to December 15th, during which period the flat remained vacant, and the difference of $15 a month between the stipulated rent and the price for which the flat was re-rented for the remaining four and one-half months of the term.

Appellant's principal defense was a breach by appellee of her agreement and duty to furnish a requisite amount of steam heat and hot water.

All the evidence upon that question related to the winter months and cold weather from February 15, 1894, to the end of June, 1894, during all of which time, and three and a half months longer, the appellant paid her rent.

There is no evidence that there was an insufficient supply of heat or water during the months of July, August and September, in which appellant's sub-tenant occupied the

flat, nor that there was any such lack during the first half of October, 1894, in which appellant resumed and continued her occupancy.

The appellant herself testified that she moved out because she was "afraid to try it the rest of the winter." In other words, she moved out because of something she feared in the future, and not because of what existed in the present or had existed in the past. All complaints that may have existed in the past were waived by the appellant by paying all rent for the months in which occasion for complaint existed. Remaining in possession and paying rent not only for such months, but for several months afterward, the appellant is estopped from setting up such past cause of complaint in justification of her present abandonment of the premises, and she showed no cause of complaint that existed when she moved out. *Non constat* but that all causes of complaint had been remedied.

A lessee is not at liberty to select out such portion of the term as she is pleased to enjoy and repudiate the balance.

As this court said, in Smith v. McLean, 22 Ill. App. 451: "It is the general rule of law that a lessee has no relief against an express covenant to pay rent unless he has protected himself by a stipulation in the lease."

So where a term has commenced, the tenant having entered, he is liable "to all the rent as agreed, notwithstanding he has ceased to occupy; unless, indeed, something has since happened to put an end to the term or tenancy, as a surrender by deed, or by act and operation of law." Wood's Landlord and Tenant, 959.

All questions of fact were passed upon by the jury, and we see no occasion to discuss them to any greater extent than we have.

Remarks made by the trial judge in the presence of the jury are complained of as expressing an opinion upon the law and facts of the case, and as amounting to an oral instruction to the jury.

A part of the language that was used is subject to criti-

cism, and might better have been omitted, but it was addressed to a witness on the stand who was testifying very indefinitely, and needed to be reminded that general expressions of what was done and said were insufficient to destroy the obligations of a lease; and, even though partaking of error, the remarks should not cause the reversal of a judgment which is substantially right upon the whole record.

There was no material error in the admission of evidence, nor in the giving and refusal of instructions, and the judgment will be affirmed.