### Frederick K. Parke v. Amelia Proby.

#### Gen. No. 12,881.

1. LEASE—*what does not justify abandonment of.* The claim of conditions constituting an eviction which existed several months prior to removal, and which did not obtain at the time of the removal, is insufficient to constitute in law an eviction or justify the abandonment of the leasehold premises under such claim.

2. EVICTION—*what essential to establish constructive.* Actions of the landlord which will sustain a constructive eviction must be of a grave and permanent character, and done with the intention of depriving the tenant of the full enjoyment of the premises in an important and not a trivial matter. It must consist of an invasion of a material character, tending to make further occupation attendant with serious consequences or continuing discomfort.

Action commenced before justice of the peace. Appeal from the Circuit Court of Cook county; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in this court at the March term, 1906. Affirmed. Opinion filed December 13, 1906.

GEORGE N. MORGAN & BRO., for appellant.

SAMUEL J. HOWE and RALPH R. KELLER, for appellee.

MR. JUSTICE HOLDOM delivered the opinion of the court.

This action, originally instituted before a Cook county justice of the peace, is here for review from the judgment of the Circuit Court, to which an appeal was prosecuted from the judgment of the justice of the peace. Appellee maintained her claim for $140 in both tribunals.

Parke leased from Mrs. Proby an apartment in the apartment building number 105 Forty-seventh street, Chicago, for a term of two years commencing May 1, 1904, at an advance monthly rental, during the term, of seventy dollars. The lease was in writing.

The trial in the Circuit Court was before the court with a jury, but the learned judge, on the motion of the plaintiff, directed a verdict for $140, the amount claimed.

At the end of the first year Parke removed from the demised premises, claiming a constructive eviction arising from the insufficiency of heat and hot water supplied to the apartment during the months of December, January and February previous. The effect of the lack of sufficient heat, it is claimed, was the sickness of two of Parke's children. There was a covenant in the lease that the lessor should furnish steam heat and hot water.

The claim of conditions constituting an eviction which existed several months prior to removal, and which did not obtain at the time of removal, is insufficient to constitute in law an eviction or justify the abandonment of the leased premises under such claim. Orcutt v. Isham, 70 Ill. App. 102.

Actions of the landlord which will sustain a constructive eviction must be of a grave and permanent character, and done with the intention of depriving the tenant of the full enjoyment of the premises in an important and not a trivial matter. It must consist of an invasion of a material character; tending to make further occupation attendant with serious conse-

quences or continuing discomfort. Barrett v. Boddie, 158 Ill. 479; Kistler v. Wilson, 77 Ill. App. 149.

No such action or condition is disclosed by this record in relation to the premises in question at the time Parke vacated them.

The medical man testifies that during the winter months the children were ill, suffering from colds, but to what the sickness was in fact attributable does not appear. There seems to be an assumption that the cause of the children's colds was lack of heat, but experience teaches, and it is common knowledge, that more colds are traceable to over-heating than to a moderate temperature. The nurse's idea of necessary heat for the baby was between seventy-five and eighty degrees Fahrenheit. Such a temperature of artificial heat in a living apartment is deleterious and not conducive to health. There is no evidence in this record of any tangible damage suffered by appellant. It consequently became the duty of the court to instruct the jury to find a verdict for the amount of the claim for the two months rent sued for. There were no questions of fact for the judgment of the jury. The action of the court in so instructing the jury was in accord with legal principle applicable to the situation of the cause at the time appellee moved for a peremptory instruction in her favor.

There is no error in this record, and the judgment of the Circuit Court is affirmed.

*Affirmed.*