**U. E. Garrett, Appellee, v. Ann Conner et al., Appellants.**

1. JUSTICES OF THE PEACE—*when judgment on appeal may be rendered for more than $200.* If several suits, each for less than $200, are instituted before a justice of the peace, are thereafter appealed and upon motion of the complaining party, consolidated, a judgment in the consolidated cases for more than $200 cannot be questioned.

2. LANDLORD AND TENANT—*right to recoup in action for rent.* The measure of damages where a tenant seeks to recoup against a claim for rent is the difference between the rental value for which the premises were contracted at the time of the lease and the rental value in the condition in which they were placed by the action of the landlord.

3. LANDLORD AND TENANT—*right to recoup in action for rent.* As long as a tenant continues in the use and occupation of premises he cannot off-set, as against the rent contracted to be paid, any damages by reason of inconvenience to him in such use and occupation, and any act of the landlord which merely tends to diminish the beneficial enjoyment of the premises cannot be off-set as against the rent contracted to be paid.

Action commenced before justice of the peace. Appeal from the Circuit Court of Vermilion county; the Hon. E. R. E. KIMBROUGH, Judge, presiding. Heard in this court at the May term, 1909. Affirmed. Opinion filed March 30, 1910.

M. F. KEEGAN and TERENCE B. COSGROVE, for appellants.

D. D. EVANS and C. G. TAYLOR, for appellee.

MR. JUSTICE PHILBRICK delivered the opinion of the court.

Appellants were tenants of appellee under written lease. The rent was not paid when it became due, and as the monthly installments came in default, appellee brought suit to recover. Four separate suits were brought before a justice of the peace; they were appealed to the Circuit Court. Before trial in that court the four cases were consolidated, upon motion of the appellants; trial was had in that court on the cases as consolidated and resulted in judgment for the appellee for $285; to reverse which this appeal is prosecuted.

It is urged that because these actions were begun before a justice of the peace the court had no power to render judgment for more than two hundred dollars and the judgment is, therefore, erroneous. These several suits were each for less than two hundred dollars and it was on motion of appellants that they were consolidated and tried as one case in the Circuit Court; consequently they cannot complain that judgment was rendered, in the consolidated cases, for more than two hundred dollars. If any error was committed therein, it was with the consent of the appellants.

On the sixth day of August, 1906, appellants, who were partners in the dress making business in the city of Danville, leased from the appellee certain rooms in the office building located at Nos. 7 and 9 West Harrison street, Danville, Illinois, for the term of one year, beginning on the 25th day of August, 1906, for a monthly rental of $47.50, rent to be paid on the first day of each and every month during the term. After this lease had been executed and entered upon, other rooms were leased, by verbal lease, but these rooms were only occupied until April 1, 1908, all rent paid

thereon, and they were surrendered. The rent in controversy is for the former premises occupied after that time.

The means of access to these rooms was through a stairway leading to the second floor and entrance from a hall-way. During the continuance of this lease, appellee, who owned the property adjoining on the west of the building in which these rooms were located, began the erection of a building thereon, and during the construction of this building, holes were cut in the walls of the building in which the rooms occupied by appellants were located; the hall-way became littered with brick and mortar, interfering with the ingress to and egress from the rooms and the litter created thereby was more or less thrown and tracked into the rooms occupied by appellants.

The lease provided that appellee should furnish water for the use of appellants in these rooms; at times this provision was not complied with. Complaints were made concerning this by appellants but no attention was paid by appellee to these complaints. Notwithstanding these inconveniences, appellants continued to occupy the rooms and were still occupying them at the time these suits were brought.

The defense made by appellants was a partial eviction by reason of the inconvenience and lessening of the advantages to appellants in the occupancy of these rooms and the damages claimed consisted in the inconveniences and lessening of the enjoyment of the premises by the appellants, the extra care and work required in taking care of the premises. The trial court refused the offer of evidence of these matters as a measure of damages.

While a tenant may recoup proper damages in an action for rent, the measure of such damages is not such as was attempted to be proven in this case but is the difference between the rental value for which the premises were contracted at the time of the lease, and the rental value in the condition in which they were

placed by the action of the landlord. The decease, if any, in the rental value of the premises is the true measure of damages.

As long as appellants continued in the use and occupation of the premises, they could not off-set as against the rent contracted to be paid any damages by reason of inconvenience to them in the use and occupation, and any act of the landlord which merely tended to diminish the beneficial enjoyment of the premises, could not be off-set as against the rent contracted to be paid.

No evidence was offered by appellants upon the question of the rental value of the premises being lessened by reason of the conditions which were produced.

The rule laid down by the Supreme Court in the following cases is controlling: Rubens v. Hill, 213 Ill. 541; Keating v. Springer, 146 Ill. 495; Chicago Legal News Co. v. Brown, 133 Ill. 317.

The court committed no error in sustaining the objections to the evidence offered by appellants, and the instructions given by the court were in accordance with the rulings held by it in an admission of this evidence.

The appellants complain of the refusal of their instruction number nine by the trial court. This instruction was not based upon the evidence. There was no eviction from any part of these premises of appellants; they continued to occupy the premises and the damages claimed were by reason of the inconveniences in the use and occupation of the premises; this does not amount to an eviction. This instruction was based upon an eviction from the premises and was properly refused.

It is also urged that the court erred in refusing appellants' instruction number thirteen. This instruction is based upon the theory of a recoupment of damages for the inconvenience in the use and occupation, the evidence of which was properly rejected and was properly refused.

Appellants' instruction number fourteen is subject

to the same objection as that of number thirteen, and was properly refused.

The trial court committed no error in the admission or rejection of evidence in this case, or in giving or refusing instructions. The judgment is, therefore, affirmed.

*Affirmed.*