Truman v. Reiss, 175 Ill. App. 351.

## Eleanor M. Truman, Appellee, v. C. G. Reiss, Appellant.

### Gen. No. 5,679.

1. LANDLORD AND TENANT—*what may not be offset against claim for rent.* It would seem, that as long as a tenant remains in the use and occupation of premises, he cannot offset any damages because of inconvenience to him in such use as against rent, hence no contract of the landlord tending merely to diminish the enjoyment of the premises can be offset.

2. LANDLORD AND TENANT—*when complaints by tenant waived.* Past complaints are waived by a tenant who pays all the rent for the months in which occasion for complaint existed.

3. LANDLORD AND TENANT—*measure of damages when tenant seeks to recoup against claim for rent.* Where a tenant seeks to recoup against a claim for rent, the measure of damages is the difference between the contract price agreed on as rent and the rental value

of the premises in the condition they were placed by the landlord's action.

4. LANDLORD AND TENANT—*what evidence properly excluded where tendant seeks to recoup in action for rent.* In an action for rent, where defendant seeks to recoup for failure to properly heat the premises, it is not error to exclude testimony as to failure to heat for a period during which the rent was paid.

Appeal from the Circuit Court of Lee county; the Hon. RICHARD S. FARRAND, Judge, presiding. Heard in this court at the April term, 1912. Affirmed. Opinion filed October 15, 1912.

WINGERT & WINGERT, for appellant.

H. A. BROOKS and HENRY C. WARNER, for appellee.

MR. JUSTICE WHITNEY delivered the opinion of the court.

This is an action to recover rent, brought by appellee against appellant, who was the guarantor on a lease given by appellee to one R. A. Rodesch. The lease was for five years from September 1, 1907, at sixty dollars per month, and it contained a covenant that appellee would comfortably heat the leased premises between the hours of seven o'clock A. M. and ten thirty o'clock P. M. The period for which rent was sought to be recovered by appellee was for the months of February, March, April and May, 1911. Appellant does not dispute the fact that the rent was actually due for those months, but claims certain damages, or the right to recoup certain damages, which the tenant is alleged to have sustained by reason of the failure of appellee to comfortably heat the building.

It is claimed to have been error for the trial court to exclude testimony offered by appellant to show failure to heat the building for a period during which the rent had been paid. The court, however, allowed proof of damages, which the tenant is alleged to have suffered during the months for which the rent is sought to be recovered. The trial in the court below resulted in a verdict and judgment in favor of ap-

pellee for the full amount of rent claimed, namely, $240.

Error of the trial court is also alleged in instructing the jury, or rather in refusing to instruct the jury, or not instructing the jury in relation to the measure of damages, it being claimed by appellant that he could claim whatever damages, proceeding from any cause, he might have sustained at all times during the term of the lease. The trial court, however, had in mind that the true measure of damages was the difference between the contract price agreed to be paid for the rent, and the actual rental value of the premises, as shown by the evidence, during the time for which the rent was sought to be recovered. The lease contained an independent covenant to pay rent on the part of the tenant, and an independent covenant to heat the building on the part of the landlord. The real question involved in the case is, under the lease, could damages be recouped which had accrued prior to the first day of February, 1911, as well as afterward. The law seems to be clearly laid down in Garrett v. Conner, 155 Ill. App. 161, which case refers to the rule laid down by the Supreme Court in the following cases, Rubens v. Hill, 213 Ill. 541; Keating v. Springer, 146 Ill. 495; Chicago Legal News Co. v. Browne, 103 Ill. 317. In Garrett v. Conner, *supra,* it is held that the measure of damages, where a tenant seeks to recoup against a claim for rent, is the difference between the rental value for which the premises were contracted at the time of the lease, and the rental value in the condition in which they were placed by the action of the landlord. It is also held in the last mentioned case that as long as the tenant continues in the use and occupation of the premises, he cannot offset as against the rent contracted to be paid any damages by reason of inconvenience to him in such use and occupation, and any conduct of the landlord which merely tends to diminish the beneficial enjoyment of the premises cannot be offset as against the rent contracted to be

paid.  In Orcutt v. Isham, 70 Ill. App. 102, it is held that all complaints that may have existed in the past, are waived by the tenant paying all the rent for the months in which occasion for complaint existed.

The ruling of the trial court excluding evidence, and in the giving of the instructions seem to be based on this theory of the law.

No error is found in the rulings of the trial court on questions of evidence, or in instructions given or refused, or modifications of instructions.  Judgment affirmed.

*Affirmed.*