## LUNSFORD v. McCANN et al.

No. 8429—Opinion Filed Dec. 11, 1917.

Rehearing Denied Jan. 16, 1918.

(169 Pac. 871.)

(Syllabus.)

**Landlord and Tenant—Rent—Landlord's Recovery Against Subtenant.**

As between the lessor and sublessees of the original lessee, there is neither privity of estate nor privity of contract; the lessor cannot recover of the sublessee upon the lessee's covenant to pay rent.

Error from County Court, Okmulgee County; Mark L. Bozarth, Judge.

Suit by William Lunsford against Lonnie McCann and others. Judgment against defendant McCann and in favor of the other defendants, and plaintiff brings error. Affirmed.

Merwine & Newhouse, for plaintiff in error.

J. W. Childers, for defendants in error.

TURNER, J. On November 5, 1914, plaintiff in error, William Lunsford, sued Lonnie McCann, Frank Jones, Lee Jones, Kelly Jones, and Steve Stevenson and P. S. Stevenson, in the county court of Okmulgee county for rent alleged to be due on lands described, and, at the same time, sued out an attachment to enforce his lien as landlord as provided by Rev. Laws 1910, § 3806 et seq. The petition substantially states: That plaintiff leased and let unto defendant Lonnie McCann the land in question for agricultural purposes for a term of one year, beginning January 1, 1914. That, under the terms of said lease, McCann agreed to pay as rent therefor $350 as follows: $175 on October 15, 1914, and $175 on November 15, 1914. That he had paid upon said rental the sum of $18.33, leaving a balance due of $331.67, which he failed and refused to pay. That McCann had, without consent of plaintiff, sublet a portion of said land to defendants Frank Jones, Kelly Jones, Lee Jones, Steve Stevenson, and P. S. Stevenson. That defendants were gathering and removing the crops from said land without paying the rent as agreed, and prayed for an order of attachment, which was duly issued, and the sheriff took pos-

session of the property. The Stevensons answered and, after general denial, alleged that on or about January 1, 1914, they took possession of about 45 acres of said land as tenants of plaintiff and defendant McCann, with the knowledge and consent of plaintiff, and with the express agreement that they were to pay McCann as rent thereon one-third of the corn and one-fourth of the cotton grown on said land. Wherefore they prayed that the attachment be dissolved and plaintiff's action dismissed. For reply, plaintiff filed a general denial. McCann, Lee Jones, Kelly Jones, and Frank Jones filed no answer, but joined with defendants Steve Stevenson and P. S. Stevenson in a motion to dissolve the attachment, which motion was withdrawn before trial. The cause was tried to a jury and resulted in a verdict against McCann for $300.52, and in favor of the Stevensons, discharging the attachment, and judgment was entered accordingly. No judgment was entered against defendants Frank Jones, Kelly Jones, and Lee Jones, and they appear to have dropped out of the case.

From said judgment plaintiff prosecutes this appeal against the Stevensons, alleging several grounds for reversal. But, from the view we take of the case, it is unnecessary to consider any of them. This, for the reason that the judgment was right, in that defendants in error Steve Stevenson and P. S. Stevenson, being sublessees of the original lessee, McCann, are not liable for the rents agreed to be paid by said lessee to the lessor. This point is ruled by Kimbriel v. Montgomery, 28 Okla. 743, 115 Pac. 1013. There we held:

"As between the lessor and sublessee of the original lessee, there is neither privity of estate nor privity of contract; the lessor cannot sue the sublessee upon the lessee's covenant to pay rent."

In a valuable note to the case of Kanawha-Gauley Coal, etc., Co. v. Sharp (W. Va.) 52 L. R. A. (N. S.) 968, it is said:

"Since, in case of a sublease, as distinguished from an assignment of the lessee's full term, there remains an estate in the lessee, intervening between the reversion and the estate or interest in the sublessee, there is no privity of estate between the subtenant and the lessor, and, as there is no privity of contract, the former is not liable to the latter for rent"—citing a long list of authorities, among which is the case of Kimbriel v. Montgomery, supra.

The judgment of the trial court is affirmed.

All the Justices concur.