## PEAK v. GADDY et al.

No. 20340. Opinion Filed Sept. 22, 1931.

Rehearing Denied Oct. 27, 1931.

Hughes & Dickson, for plaintiff in error.

G. H. LaMar, Ross Rizley, and Orlando F. Sweet, for defendants in error.

HEFNER, J. This is an action originally brought in the district court of Texas county by W. J. Gaddy against N. H. Becker and Ance Peak to recover rent for farm lands and to foreclose a landlord's lien by attachment proceedings on the crops raised on the land.

Plaintiff leased the land to defendant Becker by written lease contract whereby Becker agreed to pay as rent one-third of the crops grown thereon. Becker rented the land to his codefendant Peak. Peak defended on the ground that he rented the land from Becker as agent of Gaddy and agreed to pay therefor $150 cash rent. Becker made no defense.

Plaintiff contended that Becker subleased to Peak without his knowledge or consent, and that the crop raised by Peak was therefore subject to the statutory lien for rent.

Peak testified that he rented the land from Becker as the agent of Gaddy and agreed to pay $150 cash rent; that Becker advised him that plaintiff consented to the lease. Peak further testified that after renting the land and prior to sowing the crop, he informed plaintiff of his contract with Becker, and that plaintiff ratified the contract.

Plaintiff testified that he had no knowledge of the contract between Becker and Peak until sometime after it was made, and that he then advised Peak that his contract with Becker was for one-third of the crop and that he intended to enforce the contract.

Becker testified that he rented the land to Peak with the knowledge and consent of plaintiff, but that the contract was that Peak was to pay as rent one-third of the crop.

Peak's whole defense was that he rented the land from Becker as agent of Gaddy. This issue was submitted to the jury by the court under proper instructions. The jury was instructed that, in the event it found that Peak rented the land from Becker as the agent of Gaddy for $150 cash rent, or if Becker was without authority to rent the land and the contract was subsequently ratified by plaintiff, the verdict should be in favor of plaintiff as against Peak in the sum of $150; but that if the jury found that Gaddy leased to Becker and Becker subleased to Peak without the knowledge or consent of plaintiff, then the verdict should be in favor of plaintiff and against Becker in a sum equal to the value of one-third of the crop. The evidence showed such value to be $1,617.86. The jury returned a verdict in favor of plaintiff and against Becker for this sum. Judgment was entered in favor of plaintiff accordingly, and further judgment was entered sustaining plaintiff's attachment and ordering the funds then on hand derived from the sale of the crops attached to be paid to plaintiff.

Defendant Peak thereafter filed a motion for a new trial and a motion to dissolve the attachment. Both motions were overruled. Peak has appealed and has assigned these rulings as error.

Appellant first contends that the court erred in overruling his motion to dissolve the attachment for the reason that the verdict against Becker was a finding that no cause of action existed against him, and that the attachment should therefore have been dissolved.

We do not agree with this contention. In order to render the verdict, the jury, under the instructions of the court, must have found against the appellant's theory, and must have found that Becker subleased the premises to him without the consent of plaintiff. If this be true, the lien for rent attached to the crop raised by Peak. Section 7363, C. O. S. 1921, provides:

"Any rent due for farming land shall be a lien on the crop growing or made on the premises. Such lien may be enforced by action and attachment therein, as hereinafter provided."

Under this section, if Becker subleased the premises without the consent of plaintiff,

the lien attached to the crops grown thereon by Peak. Leonard v. Fields (Ga.) 85 S. E. 315; Forrest v. Durnell (Tex.) 26 S. W. 481; Berry v. Berry (Kan.) 55 Pac. 348.

Appellant relies on the case of Lunsford v. McCann, 67 Okla. 196, 169 P. 871, and kindred cases, wherein the following rule is announced:

"As between the lessor and sublessees of the original lessee, there is neither privity of estate nor privity of contract; the lessor cannot recover of the sublessee upon the lessee's covenant to pay rent."

The cited case also holds that the lien for rent will not attach to a crop raised by a sublessee where the premises were subleased with the knowledge and consent of the lessor. There is some conflict among the authorities as to whether the lien will attach to the crop raised by the sublessee where the premises are sublet with the consent of the lessor. Many cases hold that even in such case the lien will attach. No case, however, has been called to our attention holding that the lien will not attach where the premises were subleased without the consent of the lessor. It is true that a sublessee is not liable upon the lessee's covenant to pay rent, but this is not the question here involved. It is not here sought to hold the sublessee upon the lessee's covenant to pay rent. The lessor is merely asking to enforce the lien given him by statute to secure the payment of rent. The statute gives him a lien on all crops grown on the demised premises. The lessee could not defeat nor destroy this lien by subleasing the premises to another. In the case of Forrest v. Durnell, supra, the court said:

"A subtenant is one who leases all or a part of rented premises from the original lessee for a term less than that held by the latter, and in that case the lessee retains a reversionary interest. In such cases, at common law, a subtenant's property was subject to distress, while he was not liable on the contract between lessor and lessee. * * *

"If the consent of the landlord be not given, such assignees or subtenants, in so far as the landlord and his rights are concerned, must be treated simply as employees of the lessee. The land and the crops to be grown cannot be freed from the conditions imposed by law, nor can the lessor's rights be abridged by any subordinate contract of the lessee. He can pass no better estate, nor confer any superior right to the use of the land, than he possessed himself. If it were otherwise, the subletting in parts might defeat the security given under the statute, and render it inoperative'."

These authorities, we think, sufficiently dispose of appellant's contentions, and the judgment of the trial court is affirmed.

LESTER, C. J., and RILEY, CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. CLARK, V. C. J., absent.