DEAL v. JONES et al.

No. 30985. Sept. 21, 1943.

*141 P. 2d 285.*

Brown Moore and Guy Horton, both of Stillwater, for plaintiff in error.

Rex H. Holden, of Oklahoma City, for defendants in error.

GIBSON, V. C. J. This action was instituted in the court of common pleas by the owners of certain premises against their tenants to recover monthly rentals allegedly due under a written lease contract. Judgment was for plaintiffs, and defendant appeals.

On order of the court defendant assumed the burden of proof. The appeal charges error in sustaining a demurrer to his evidence.

According to the petition the parties entered into a written lease contract under date of November 18, 1931, whereby plaintiffs leased the premises in question to defendant for a period ending March 27, 1944, to be used as an automobile service station. The stipulated rental was $30 per month. Defendant paid the rent up to and including the month of January, 1941, and on the 8th day of that month notified plaintiffs that he had abandoned the premises and would no longer pay the rentals. Plaintiffs thereupon refused to consider the lease as ended, but elected to permit the premises to remain vacant and to hold defendant for the rentals accruing up to the date of the trial. Judgment was sought in that amount.

The answer charged that the leased premises included a frame house built for and suited to human occupation, together with certain service station equipment; that the buildings and a portion of the equipment were completely destroyed by fire on April 22, 1939; that the remaining equipment was removed by plaintiffs, and that they had failed and refused to return the same, and by reason thereof defendant was constructively evicted from the premises, and that the consideration for further payment of rentals failed. It was charged further that defendant notified plaintiffs within five days after the fire that unless the premises were restored, defendant surrendered the same and terminated the lease. This the plaintiffs

78

refused, and on January 8, 1941, defendant notified plaintiffs in writing that he had surrendered the premises and terminated the lease, and was therefore not liable for any rentals.

In the alternative, defendant sought an equitable reapportionment of the rentals in event the court held him obligated under the lease, and asked that he be allowed an offset for loss of the enjoyment and use of the premises and the equipment.

By their reply plaintiffs interposed a plea of res judicata as to all defensive allegations.

Attached to the reply were the pleadings and judgment in a certain cause in district court wherein plaintiffs had sued defendant for rentals due under the lease contract from the month of May, 1939, to and including the month of January, 1941. Also attached to the reply was a release and satisfaction of the judgment.

The trial court permitted defendant to file a pleading denominated an amended rejoinder wherein defendant recognized the validity of the former judgment but denied that the defenses pleaded in the instant case were judicially determined therein. It is also alleged that by agreement of the parties the rentals had been reduced from $30 per month to $20.

The pleadings in the former action consisted only of the petition and answer. The petition alleged that the improvements on the premises were totally destroyed by fire in April, 1939, and that defendant still retained possession and control of the premises and refused to pay the rentals as provided in the written lease contract.

The answer also alleged that the improvements were completely destroyed by fire, and that the building on the premises was suitable for human occupation, and by reason of its destruction defendant had been constructively evicted, and that he had released and given up the premises.

The judgment roll in the former ac-

tion shows that the issues there were approximately the same as the present issues. In that case, as in the instant one, defendant alleged that he leased the premises for residential as well as for business purposes; that by reason of the destruction of the building and equipment he had been constructively evicted within the meaning of 41 O. S. 1941 §§ 31, 32, and had surrendered the premises, thereby relieving him of further rental payments.

It may have been determined in the former case that the premises were leased for business purposes and not for human occupation as contemplated by the statutes. In that event, since the lease contained no provision for repairs, there could have been no constructive eviction, and the defendant was properly held liable for the rentals. Gordon v. Reinheimer, 167 Okla. 343, 29 P. 2d 596. Or it may have been determined that the lease was for residential purposes sufficient to bring it within the operation of sections 31 and 32, above, but that defendant had retained possession an unreasonable length of time subsequent to the destruction of the building. In that event the defendant waived the constructive eviction, and was liable for the rentals. 36 C. J. 263, 264, §§ 990, 991; Baptist General Convention v. Wright, 136 Okla. 150, 276 P. 777.

The issue of constructive eviction was settled by the former judgment, and cannot be relitigated here. The trial court properly sustained plaintiff's demurrer to the evidence on that issue.

There was the further issue, common to the two actions, that the parties had orally agreed to a reduction in the monthly rentals from $30 to $20.

Defendant says this issue was adjudicated in the former case adversely to plaintiffs, and by reason thereof the court erred in directing a verdict for $30 per month instead of $20 as provided by the oral agreement which was allegedly sustained by the former judgment.

The issue on the oral agreement was

not submitted to the jury at the former trial. On motion for new trial therein the court concluded that the failure to submit the question constituted error. Thereupon a new trial was granted unless, in the alternative, plaintiffs agreed to a remittitur in a sum equal to $10 per month. Plaintiffs agreed to the remittitur and accepted payment accordingly, and released the judgment.

Such proceedings did not constitute an adjudication of the issue of an oral agreement to reduce the rentals.

In agreeing to the remittitur and accepting payment of the judgment as modified the plaintiffs might be estopped to claim further recovery for the months there involved, but they are not thereby estopped or barred from claiming the full amount of rentals for subsequent months as provided in the written lease contract.

However, there was positive proof in this case of a verbal agreement to reduce the rent to $20 per month, entered into and acted upon by the parties prior to the destruction of the building and equipment. Notwithstanding this evidence the court, over defendant's objection and exception, directed a verdict for $30 per month.

Such procedure constituted error.

The judgment is therefore reversed and the cause remanded for a new trial of the issue, or, in the alternative, to order remittitur, at plaintiffs' election within a reasonable time, in an amount equal to $10 for each month for which rentals were recovered.

CORN, C.J., and RILEY, BAYLESS, WELCH, HURST, and DAVISON, JJ., concur. OSBORN and ARNOLD, JJ., absent.