## MYERS v. CABINESS.

No. 4133.   Opinion Filed January 26, 1915.

(146 Pac. 33.)

1. **APPEAL AND ERROR—Verdict—Evidence.** In a civil action the verdict of the jury reasonably supported by the evidence will not be reversed upon appeal, in the absence of a showing that the court committed some prejudicial error of law during the course of the trial.

2. **NEW TRIAL — Hearing on Motion — Discretion — Evidence.** Under the circumstances set out in the opinion, overruling the motion for new trial was not error.

(Syllabus by Galbraith, C.)

*Error from County Court, Custer County;*

*Henry Bulow, Special Judge.*

Replevin by Hardin Myers against W. F. Cabiness.   Judgment for defendant, and plaintiff brings error.   Affirmed.

*Darnell & Darnell,* for plaintiff in error.

*Phillips & Mills* and *R. A. Kleinschmidt,* for defendant in error.

Opinion by GALBRAITH, C.   This action arose out of a disagreement as to the ownership and right to the possession of "a certain hog, about eight or nine months old, black and white spotted, weight about 150 pounds, and of the value of $12." There has been three jury trials in the case, one before a justice of the peace, and two in the county court on appeal; the last trial resulting in a verdict for the defendant. From the judgment rendered upon this verdict, the plaintiff appeals.

The principal error relied upon is the action of the court in overruling the motion for a new trial. The first ground of the motion is that the verdict was not supported by the evidence. The ownership of his hogship was a much mooted question; numerous witnesses swearing that he belonged to the plaintiff,

and an equal number swearing that he belonged to the defendant. The testimony would support a verdict for either party. We are therefore constrained to hold that the verdict for the defendant is supported by the evidence.

The second ground for the motion is improper conduct on the part of the defendant, by which the plaintiff was denied a fair trial. The alleged improper conduct, it is charged, resulted in "packing" the jury with the defendant's friends and business associates, and that this result was accomplished in the following manner: First. That, through the defendant's pull with the county judge, he influenced him to discharge the regular panel of the jury, in order that a special jury might be summoned to try the case. Second. That an open venire was issued to the sheriff to summons a jury, and that the defendant, through his pull with the sheriff, influenced him to summons the friends and business associates of the defendant. Third. That the defendant invited the jury to take lunch with him, and he did pay for the lunch of one or more of the jurors. Fourth. That certain members of the jury were acquainted with the facts of the case and had formed and expressed an opinion prior to the trial to the effect that the defendant owned the hog in dispute. These several charges were supported by affidavits, and among these was the affidavit of each of the plaintiff's attorneys. In one of the attorneys' affidavits was set out the questions that were asked the jurors on their *voir dire* examination, and it was charged that, notwithstanding the disqualification of the said jurors, they each qualified as jurors in the cause. However, the examination of the jurors was not taken by the stenographer, or at least the same is not contained in the record. These several charges of misconduct were specifically contradicted by the affidavits of the several parties whose integrity was questioned by them. The affidavit of the county judge, that of the sheriff, and of the defendant, were each specific, positive, and clear, and were absolute denials of the charge of misconduct on the part of each.

It is also complained that the court refused counsel the privilege of introducing oral testimony in support of the motion for new trial. We cannot say that the court abused its discretion in denying this request, for the reason that the testimony of the several witnesses offered at that time might have been presented in the form of affidavit, and much of the testimony was merely cumulative, and no reason was given why this testimony was not offered in the same form as the other evidence in support of the motion.

What was said by the court in *Bristow et al. v. Carrigar*, 37 Okla. 740, at page 743, 132 Pac. 1110, at page 1111, is pertinent in this connection:

"It is next urged that the court should have granted a new trial on the amended petition for a new trial, on the grounds that Juror Cummins, having been present and heard all the testimony in the trial of the cause before the United States Commissioner, was therefore familiar with the facts, which he failed to disclose on his examination, and this was unknown to the defendants at the time he was accepted as a juror. If this fact was not known by the plaintiffs in error, it is their own fault. This is the very purpose and object of *voir dire* examination, and it is the duty of counsel to examine into the qualifications of proposed jurors, and to show their unfitness or disqualification, and to challenge for cause where cause exists. To sustain this point would be to give into the hands of counsel, who desire to act unfairly, a method of securing reversals which would soon prove disastrous, and at the same time give sanction by this court to careless and unprofessional conduct of counsel in the trial of causes which would soon grow into a dangerous custom. Counsel had opportunity to disqualify the juror. The alleged disqualifications were so patent that no possible excuse can be offered for the oversight. The *voir dire* examination is not in the record, and counsel has not shown that he used any effort or diligence in preventing the alleged error, and will not now be heard to complain of the court's action in overruling his amended motion for a new trial."

The charge of improper conduct on the part of the defendant, and the affidavits in support thereof, and those controverting the same, were submitted to the special judge who presided at the trial. He was in a much better position to pass upon the

issue raised than is this court. The conduct of counsel, that of the parties, and the jurors came under his personal observation during the course of the trial. We cannot say that he did not find according to the facts in holding that the charges of improper conduct had not been sustained; much less can we say that he abused his discretion in denying the motion for a new trial. In fact, it is not clear that these charges were judiciously made and urged upon the court.

We recommend that the exceptions be overruled, and that the judgment be affirmed.

By the Court: It is so ordered.