## FULLERTON-STUART LUMBER CO. v. BADGER.

No. 7331—Opinion Filed June 13, 1916.

(158 Pac. 376.)

### 1. Appeal and Error—Presentation Below—Instructions.

In order for a party to avail himself of an alleged error in an instruction given to the jury by the court, or the refusal to give a requested instruction, it must appear from the record that the instruction complained of, or the refusal to give the requested instruction, was duly excepted to at the time.

### 2. Appeal and Error — Verdict—Evidence.

In a civil action the verdict of the jury reasonably supported by the evidence will not be reversed upon appeal, in the absence of a showing that the court committed some prejudicial error of law during the course of the trial.

(Syllabus by Galbraith, C.)

Error from County Court, Creek County; Warren H. Brown, Judge.

Action by H. C. Badger against the Fullerton-Stuart Lumber Company. Judgment for plaintiff, and defendant brings error. Affirmed.

John G. Ellinghausen, for plaintiff in error.

Smith & Walker, for defendant in error.

Opinion by GALBRAITH, C. This was an action for money had and received. There was a trial to the court and a jury, and a verdict for the plaintiff, upon which judgment was rendered, and from which an appeal has been prosecuted to this court.

The defendant in error, as plaintiff in the court below, in July, 1910, was engaged in the retail hardware business in the town of Keifer, Okla. The plaintiff in error, defendant in the trial court, maintained a lumber yard at the town of Keifer, and sold lumber and building material to the plain-

tiff, and presented to him an account for the same along in November, 1910, amounting in the aggregate to $1,341.10. This account was accepted as correct and paid in full, and a short time thereafter the lumber company's manager was discharged, and it was claimed that he had been guilty of dishonest acts, and had not conducted the business properly. Some 30 days after the new manager for the company had been installed the plaintiff asked for a statement of his account, and an itemized statement was made out and delivered to him, showing the aggregate amount of the account to be $1,163.40. This action was to recover the difference between the account he had paid the former manager and the later account made out for him, amounting to $177.70. These facts were alleged in the petition, together with the statement that when the plaintiff paid the first account he presumed that it was correct, but on learning of the charges of crookedness against the manager at the time the account was made, and in order to satisfy himself that he had been dealt with fairly, he asked for the second statement of the account, and when this was delivered to him he then discovered that he had overpaid the amount he was properly due the lumber company. The lumber company filed an answer by way of a general denial. The evidence on behalf of the plaintiff showed the greater amount of the payments to have been made by bank checks, and these canceled checks, with the company's indorsement thereon, were admitted in evidence, and the other items of credit were testified to by the plaintiff, and they all show as credits on the statement of account furnished the plaintiff by the lumber company.

It is complained by the plaintiff in error that the court erred in overruling the demurrer of the defendant to the plaintiff's evidence. It does not seem that this error can be urged in good faith, since there was evidence tending to establish the amount of plaintiff's claim and the facts set out in the petition.

It is also assigned as error that the court erred in refusing to give certain instructions which are not set out in the brief, but which are set out in the petition in error. An examination of the record fails to disclose that any exception was saved to the instructions requested by the plaintiff in error, as required by section 5003, Rev. Laws 1910. In fact, the record does not disclose that any exception of any kind was taken to the refusal of the court to give the requested instruction. The rule is settled in this jurisdiction that in order for a party to avail himself of alleged errors in the in-

structions given by the court to the jury, or the refusal to give instructions requested, it must appear from the record that the instruction complained of, or the refusal to give the requested instruction, was duly excepted to at the time. Shuler v. Hall. 42 Okla. 325, 141 Pac. 280; Young v. M., O. & G. R. Co., 44 Okla. 611, 145 Pac. 1118; Incorporated Town of Stigler v. Wiley, 36 Okla. 291. 128 Pac. 118; Straughan v. Cooper, 41 Okla. 515, 139 Pac. 265; Shuler v. Collins, 40 Okla. 126, 136 Pac. 752. Although the record does not disclose that any exceptions were taken to the instruction given by the court to the jury, or to his refusal to give instructions requested by the defendant, we have carefully considered the instructions given by the court, and are constrained to say that they are a fair and full statement of the law arising upon the issues made by the pleadings. There was one simple issue of fact to be determined in this case, namely, whether or not the plaintiff had overpaid his account with the defendant. This issue was fairly and fully submitted to the jury. and is supported by the evidence, and, there appearing no error of law in the record, the verdict of the jury is conclusive on this court. Myers v. Cabiness, 44 Okla. 671, 146 Pac. 33.

The judgment appealed from should be affirmed.

By the Court: It is so ordered.