### BARNETT v. GROSS.

No. 11504—Opinion Filed May 15, 1923.

Rehearing Denied June 26, 1923.

**1. Contracts—Validity — Illiteracy and Inexperience of Party.**

A person unable to read and lacking in business experience and training will not be released from the performance of the terms of a contract because such person possesses a less degree of intelligence than the other party to the contract. Nor because the transaction is one which the court does not in all respects approve, if the person is sufficiently intelligent to understand the nature of the transaction and is left to act upon his own free will.

**2. Same—Attorney and Client—Contract for Employment—Action—Defense by Client —Sufficiency of Answer.**

The answer of the defendant in part sets forth that the plaintiff and defendant agreed upon certain provisions of a contract of employment between the plaintiff and defendant which were to be reduced to writing later and signed by the parties. Two of the provisions were: (a) That the contract should be approved by the Indian Agent, and should not be effective until so approved. (b) That the compensation should be paid from the restricted moneys of the defendant held in trust by the Indian Department for the defendant. The answer further set forth that the written instrument was presented to her for execution with the representation that it contained all of the terms of the agreement. The defendant, believing and relying upon said statement, was thereby induced to sign the written agreement, which in fact did not contain the two provisions named. Held, that the answer constituted a good defense to the suit upon the contract by the plaintiff.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, McIntosh County; Lucien B. Wright, Assigned Judge.

Action by Ben D. Gross against Jeannetta Barnett, nee Marshall. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

Britton H. Tabor, for plaintiff in error.

Clark Nichols and S. A. Horton, for defendant in error.

Opinion by STEPHENSON, C. The plaintiff commenced his action in the district court of McIntosh county for recovery upon a contract alleged to have been entered into between the parties on March 11, 1916, wherein the plaintiff undertook to represent the defendant in all legal matters for a period of one year from the date of contract, and for which services the defendant became bound to pay the plaintiff the sum of $1,200, or $100 per month.

The defendant filed her answer in the cause, alleging, in substance: (a) That she was a full-blood, restricted Creek Indian, and unable to read the English language and was inexperienced in matters of business and that the plaintiff was far her superior in knowledge of business affairs. The difference between their experience and training in matters of business resulted in the defendant agreeing to pay the plaintiff a consideration for the services to be performed out of proportion to her income. (b) Plaintiff and defendant in making said contract, among other things, agreed that the contract should not be binding until approved by the Indian Department, and that the services to be performed for the defendant by the plaintiff as her attorney in all legal matters should be paid out of her restricted moneys held in trust by the Indian Department for her benefit. The two provisions named were a part of the contract and

were to be embodied in the written contract later to be prepared for the signature of the parties. The plaintiff prepared the written agreement and presented it to the defendant for her signature, representing to her that it contained all of the terms of the contract previously agreed upon. The defendant, being unable to read the English language, as was known to the plaintiff, believed and relied upon said statements, and was thereby induced to sign the agreement, when in truth and fact the agreement did not contain the two provisions named.

Plaintiff filed demurrer to the amended answer, which was sustained by the trial court, and the defendant has brought the question of the ruling on the demurrer before this court for review.

1. The portion of the answer alleging the inexperience of the defendant in business matters and superior intelligence of the plaintiff, which the defendant alleges resulted in the making of the contract, providing for a compensation to be paid by the defendant to the plaintiff out of proportion to her annual income, does not constitute a sufficient defense to the action upon the contract. Loman et al. v. Paullin, 51 Okla. 294, 152 Pac. 73.

This rule applies even though the contract is one which the court does not in all respects approve. Loman et al. v. Paullin, supra.

2. The petition and amended answer tender an issue of fact between the parties as to whether or not the contract sued upon is the contract entered into between the parties. The sustaining of the demurrer to the answer presents for decision a question of law as to the sufficiency of the answer to join the issue of fact for submission to the jury. The amended answer alleged that the defendant is unable to read the English language (we assume that the contract was written in English). After the parties had made the oral agreement which included the two provisions herein named, the plaintiff undertook to reduce the agreement to writing for the signature of the parties, and upon its completion presented same to the defendant for her signature, with the representation that the writing included the agreement entered into between the parties. The defendant, being unable to read the contract and believing and relying upon the statement of the plaintiff that it contained the full agreement, was thereby induced to sign the agreement, although the plaintiff had omitted the two provisions referred to herein. The rule is that if the party to whom

the writing is presented for execution is prevented by physical disabilities from reading it and false representations are made to the party as to the contents of the instrument which are calculated to and do induce the party to sign the contract, the party so executing the instrument is not bound by the terms of the contract.

This element of the amended answer constituted a good defense to the action of the plaintiff and joined the issue for submission to the jury as to whether or not the contract sued upon was the contract entered into by the parties. Therefore it was reversible error to sustain the demurrer to the amended answer. Mt. Hope Co. v. Jackson, 36 Okla. 273, 128 Pac. 250; McLean v. S. W. Ins. Co., 61 Okla. 79, 159 Pac. 660; Schuler v. Hall, 42 Okla. 325, 141 Pac. 280; Chisum v. Huggins, 55 Okla. 423, 154 Pac. 1146; 12 R. C. L., pages 386-388, sec. 137.

We do not understand that the questions of varying a written contract by parol proof, and the law of conditional contracts, are involved in this case. We recommend that this cause be reversed and remanded for further proceedings not inconsistent with this opinion.

By the Court: It is so ordered.