## HENDERSON et al. v. TRAMMELL OIL CO.

No. 20139. Opinion Filed May 10, 1932.

Rehearing Denied Oct. 18, 1932.

William Stacey, for plaintiffs in error.

H. W. Cabeen and Jeff H. Williams, for defendant in error.

RILEY, J. This action was commenced in the district court of Grady county by defendant in error, hereinafter referred to as plaintiff, against plaintiffs in error, hereinafter referred to as defendants, to recover for an alleged balance due on open account for goods, wares, and merchandise alleged to have been sold and delivered by plaintiff to defendants.

Plaintiff alleges in its petition that the goods, wares, and merchandise were sold and delivered to Henderson's Store and Filling Station, operated and managed by I. R. Henderson, in Chickasha, Okla., but that in truth and in fact the defendants Frank West and J. W. Lasley were either general or special partners in said business, and permitted themselves to be represented as partners in said business, which representations were communicated to plaintiff, and on the faith of such communications plaintiff extended credit to said business and partnership.

The prayer was for judgment against said defendants and each of them in the sum of $674, with interest.

Defendant Henderson, filed his separate verified answer in which he admitted that he, as an individual, owed plaintiff the sum of $674, but not on open account; that he had executed to plaintiff his individual note for a part of said indebtedness, and that the balance of the indebtedness claimed was due on open account. He specifically denied that the other defendants were in any way liable and specifically alleged that the other defendants never were his partners for any purpose and had no interest whatever in the business for which the indebtedness was incurred. He then pleaded that on November 30, 1927, he was adjudged a bankrupt by the United States District Court for the Eastern District of Oklahoma, and that the note and open account held by plaintiff were listed and scheduled in said bankruptcy proceedings. Defendants West and Lasley, without attacking the petition by demurrer or motion, filed a verified general denial and specifically denied that they ever were partners of said I. R. Henderson.

Plaintiff replied, in substance, that the note given by Henderson was not taken or accepted in satisfaction of the open account, nor in satisfaction of any amount due, and was taken as a conditional payment and upon condition that said note would be paid when due and that the note was then past due and unpaid, and that the plaintiff was still the owner thereof, and that the conditional payment having wholly failed, it tendered the note in open court for cancellation and prayed for judgment as in the original petition.

Defendants filed a motion to strike the allegations in the reply with reference to the note, because they set up a new cause of action and constituted a departure from the original cause of action. This motion being overruled, the issues were tried to a jury, resulting in a verdict and judgment for plaintiff, and, defendants appeal.

Defendant in error suggests that the appeal should be dismissed for failure of plaintiffs in error to comply with Rule 25 of this court, which requires the brief of plaintiff in error to contain an abstract or abridgment of the transcript, setting forth the material parts of the pleadings, proceedings, facts, and documents upon which he relies, and to contain the specifications of error complained of separately set forth and numbered.

A strict application of the rule might justify an affirmance of the judgment herein, as no abstract or abridgment of the pleadings is contained in defendants' brief. But the specifications of error relied upon are separately set forth and numbered, and as there is not a total failure to comply with the rule, we will consider the appeal on its merits.

The only real question in issue was whether or not defendants Frank West and J. W. Lasley were partners in the business conducted by defendant I. R. Henderson. Defendants complain of the refusal of the court to strike out certain evidence claimed to be admissible only upon the question of estoppel of defendants to deny the partnership, and claim there was no pleading upon which to base evidence of estoppel. They do not point out the particular evidence they contend should have been stricken, either in their motion to strike or their brief. The question is therefore not properly presented.

The second proposition presented goes to the action of the court in overruling the demurrer of defendants to plaintiff's evidence. Defendants did not stand upon the demurrer, but introduced their evidence. At the close of all the evidence they did not renew the demurrer nor move for a directed verdict. This court has frequently held that under such circumstances error could not be predicated upon the order overruling the demurrer to the evidence. However, an examination of the record discloses that the demurrer was properly overruled. Under this and the third proposition, defendants insist that the trial court erred in permitting witnesses to testify to certain statements or admissions alleged to have been made by defendant I. R. Henderson, not in the presence of either West or Lasley, to the effect that West

and Lasley were partners in the business. The general rule is, and this court has held, that where an action is brought against two or more persons or partners, and the fact of partnership is in issue by proper plea by one of the parties, the admissions or statement of his codefendant, made in his absence in reference to the existence of a partnership, are admissible only against the party making them, and are not admissible against his codefendant. But there is a well established exception to this general rule, which is: When sufficient evidence has been given to raise a fair presumption that two or more persons are partners, then the declarations and admissions of each are admissible in evidence against the other for the purpose of strengthening the prima facie case already established. 1 Greenleaf on Evidence, sec. 177; Conlan v. Mead (Ill.) 49 N. E. 720.

The rule and exception are aptly stated in Rowley on Partnerships, sec. 889, as follows:

"The rule as to nonadmissibility of declarations of a partner is, however, subject to an exception, where there is other evidence of partnership. Where the existence of a partnership is denied, and there is no evidence of its existence, the statement of a partner binds no one but himself; but this rule has no application where there is other testimony establishing the existence of the partnership. And after the existence of a partnership be prima facie established by evidence other than such declarations, then the actions, declarations, and admissions of each may be proved to strengthen such prima facie case."

Evidence had been given to the effect that one William Hale was the owner of the premises where the business was conducted; that prior to February 1, 1927, Hale himself was operating the filling station and a small grocery store; that in January, 1927, he advertised the business for sale and the place for lease; that Henderson came to look at the place and got his price; that a few days thereafter Henderson, Lasley, and West came and looked the place over, looked at the groceries, and asked Hale what he thought they would invoice; that he told them he thought about $400; that Lasley then inquired what he wanted for the building, and he told him $50 a month, and told him when he had to quit business; that thereupon Lasley and Henderson talked for a while, and Lasley said "Well, Henderson, I believe that is as good as we will do, I believe we will take it. You and Mr. Hale take the invoice, bring the bill over to Apache and I will send the money back"; that Hale and his wife and Henderson invoiced the stock of groceries and Henderson took the invoice, and came back a few days thereafter with $600 in checks, one of which was signed by Frank West. The $600 was deposited in the bank to the credit of Henderson, and Henderson gave Hale his personal check for the amount of the invoice; that a written lease for the premises was then made for a term of one year at $50 per month. The lease was identified and put in evidence. It was between William Hale of Chickasha, party of the first part, and I. R. Henderson, J. W. Lasley, Frank West of Apache, Okla., parties of the second part. It was signed as follows:

"Wm. Hale, party of the first part.

"I. R. Henderson, West & Lasley, parties of the second part."

The rent was payable $50 in advance, and Frank West paid the first month's rent.

Hale also testified that about the time the deal was consummated he heard a conversation between Henderson and one of the other defendants (as he remembered, it was Lasley) in which Mr. Lasley told Mr. Henderson: "Now you take this business and if you can pay expenses and make a go of it for four months, I will give you a half interest in it." This was sufficient to raise a fair presumption of partnership between the three defendants.

Judgment was at first rendered against the defendants J. W. Lasley and Frank West.

Complaint is made of alleged errors of the court in allowing a correction of the judgment, and in allowing a suggestion of amendment of the case-made. The correction of the judgment was properly allowed, and the amendment of the case-made was a question entirely for the trial court.

No substantial error having been committed, the judgment should be, and is hereby, affirmed.

CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., CLARK, V. C. J., and HEFNER, J., absent.

Note.—See under (2) annotation in 18 L. R. A. (N. S.) 991; 20 R. C. L. 847; R. C. L. Perm. Supp. p. 4964.