S. J. Berton, for plaintiff in error.

Taylor & Taylor, for defendant in error.

PER CURIAM. O. H. Higgins, as plaintiff, originated this suit against Joe Long, as defendant, in a justice court of Payne county, Okla., and from an adverse verdict Long appealed to the district court in said county. From an adverse judgment there, said Long appealed to this court. The parties will be referred to as they appeared below.

Plaintiff, in his bill of particulars, averred that under an oral contract he graded and sodded a certain yard for defendant, for which he was to be paid $95; $65 for grading and sodding the yard, and $30 for preparing and fertilizing a flower garden; that he completed his work on the flower bed, and substantially completed the other part of the work, when defendant arbitrarily and without excuse ordered plaintiff from the premises and prevented completion of the work, which plaintiff could and would have finished within a day or so. Defendant, after general denial, admitted the contract with reference to grading only, for which on completion $65 was to be paid. Defendant set up in addition that plaintiff did not and would not bring the lot to grade; that he would not follow the instructions of the defendant according to the oral contract; that he was dilatory in his work and damaged the edges of the sidewalk, by reason of which defendant refused to allow plaintiff to continue; that he owes plaintiff nothing for the work already done, and that it will require $100 to complete the grading according to contract. Plaintiff filed a verified denial.

The evidence of the plaintiff and of his several witnesses is in substance that plaintiff had been engaged in grading and sodding and landscape work for 20 years; that he made an oral agreement with the defendant to do the grading and flower bed work around defendant's house, for which he was to receive $95 for the job complete, $65 for the grading, and $30 for the flower bed work; that he began on September 25, 1930, and that he worked continuously until the 14th day October, part of the time with two teams and three or four hands, wagons, fresnos or slips. On the last-named date defendant ordered plaintiff off the premises; that he paid $5 a day for each team with a man, and that his own work was worth $3.50 per day; that plaintiff could and would have finished the work within a day or day and a half.

The defendant's evidence in substance was that he made the oral contract with plaintiff to pay him $65 to complete the job of grading the yard and building the flower beds to the satisfaction of the defendant; the work was being unsatisfactorily done—explaining the defects—after which defendant discharged the plaintiff and said that it would cost $85 or $90 to complete the same.

There was much other testimony not necessary to be set out here. The case was submitted to a jury, who found for plaintiff and assessed his recovery at $85. For reversal, defendant argues four propositions:

(1) That the trial court erred in overruling defendant's demurrer to plaintiff's evidence. It is sufficient to say that defendant waived any right which he might have had by not standing upon the proposition. The record shows that following the overruling of defendant's demurrer, he introduced his evidence and failed to renew his demurrer or move for a directed verdict thereof.

Where defendant, after demurrer to plaintiff's evidence is overruled, puts in evidence and does not move for directed verdict, defendant cannot on appeal, after adverse verdict, assert insufficiency of evidence to establish a cause of action. Local Building & Loan Association v. Hudson-Houston Lumber Company, 150 Okla. 44, 3 P. (2d) 156; Waggoner v. Reed, 153 Okla. 95, 4 P. (2d) 1047; Seidenbach's, Inc., v. Muddiman, 155 Okla. 61, 7 P. (2d) 471; Advance-Rumely Thresher Co., Inc., v. Alexander, 156 Okla. 150, 9 P. (2d) 934; Lone Star Gas Co. v. Parsons, 159 Okla. 52, 14 P. (2d) 369; Henderson et al. v. Trammell Oil Co., 159 Okla. 250, 15 P. (2d) 44; Stout v. Idlett, 161 Okla. 23, 16 P. (2d) 1088; Midland Valley R. Co. v. Barnes, 162 Okla. 44, 18 P. (2d) 1089.

Under this same head defendant insists that the bill of particulars did not state a cause of action for the reason that it did not allege what it would cost to complete the job. This question should not have been confused with the argument of the first proposition. It should have been separately assigned and separately argued, but we think a challenge of this character so vital that it should be disposed of, having in mind that the question as to whether or not the petition states a cause of action may be raised at any time and before any court.

From the bill of particulars filed in the justice court, which is not required to be overburdened with formality, it is clear that

plaintiff alleged with definiteness and particularity his employment by defendant to perform a certain piece of work on his yard for which he was to be paid a certain sum of money; that he well and truly performed this work and substantially completed it; that while he yet lacked only one or two days' work on same, defendant arbitrarily and without reason or excuse ordered the work stopped. Plaintiff sues for the contract price. It is difficult to understand the contention that this bill of particulars states no cause of action, unless the contention is based upon the theory that where one contracts to perform a certain piece of work, he must perform to the last hour and to the last detail that work, otherwise there could be no recovery on the contract, and that an arbitrary and wrongful prevention of the exact completion of the contract by the defendant cuts no figure. Such a rule would be manifestly unjust. The correct rule, we think, is followed in Raitman v. McCune, 167 Okla. 511, 30 P. (2d) 878. Plaintiff there sought to collect his fees as an architect, alleging that he had substantially performed his contract when he was wrongfully discharged. Defendant there sought counterclaim, and alleged failure to perform efficient service, etc. Chief Justice Riley, for the court, quoted with approval from Gould v. McCormick, 75 Wash. 61, 134 P. 676, 679, 47 L. R. A. (N. S.) 765, Ann Cases 1915-A, 710, as follows:

"Where a contract price is fixed in the contract, this becomes the standard of value of the contract; the profit being the difference between the contract price and the cost or value of performance. The application of this rule may be examined in cases of several sorts. In the first class of cases the plaintiff on his side undertakes to perform some act for the defendant, and in return the defendant agrees to pay money for the plaintiff's act. In such a case the profit of the contract is represented by the contract price, less the cost of performing the act to be done by the plaintiff."

Judge Riley says (p. 514):

"The rule stated was there made applicable in an action to foreclose a mechanic's lien for services of the same character as here involved. It is true that the evidence shows that the defendant discharged plaintiff before the work was completed to the last detail. But, if he wrongfully discharged plaintiff, then under the rule above stated plaintiff was entitled to recover the contract price, less the cost of performing the act to be done by plaintiff. The cost of superintending the trivial amount of work yet to be done not having been shown, the jury was justified in allowing plaintiff the full contract price."

The proof that plaintiff offered as to what it would have cost him to finally complete the job was quite sufficient. He and his witnesses testified that final completion could have been made in a day or day and a half, and the amount paid for teams and workmen is given.

If plaintiff in good faith was completing his labor and had substantially finished the same, and was precluded from completing same by the wrongful conduct of defendant, a rule which would deny the plaintiff the benefit of his contract or the proper proceeds thereof would be intolerable. It is too clear for argument that the petition stated a good cause of action.

(2) Defendant assigns as error instruction No. 3, which reads as follows:

"In substance, the issue is made here that a certain oral agreement was made between the parties that certain grading was to be done in a certain manner and that the plaintiff was to get $65 for that, and $30 for sodding the yard and building some rose beds, and he was to get these old buildings there. And that he proceeded with the work until, according to his testimony, it was near completion, and the plaintiff claims in his bill of particulars and in his testimony that there was about a day and a half of work yet to finish and the plaintiff says that he was not permitted to finish the work but that the defendant arbitrarily and without any just reason therefor kept complaining about it and interfering with the work and unreasonably demanded that the work be done according to his orders and his demands and his requirements, and not in accordance with the usual and ordinary workmanlike manner in which such things would be accomplished, and that he was prevented arbitrarily and without just cause therefor, from completing the contract, and if by a preponderance of the evidence you find that is true, then you are instructed that you should find for the plaintiff."

No theory or authority is submitted in the brief to demonstrate the incorrectness of instruction No. 3, nor is the argument of defendant on this point otherwise convincing.

The last assignment argued is that the court erred in refusing a special instruction, marked No. 1. Defendant's contention is without merit. A sufficient, but perhaps not the only reason why this contention is not well taken, is that no exception to the court's refusal of the instruction was noted.

"Exception to Instructions. A party ex-

cepting to the giving of instructions, or the refusal thereof, shall not be required to file a formal bill of exceptions; but it shall be sufficient to write at the close of each instruction 'refused and excepted to, or given and excepted to,' which shall be signed by the judge." (Sec. 360, O. S. 1931.) Young v. Missouri, O. & G. R. Co., 44 Okla. 611, 145 P. 1118; Shuler v. Hall, 42 Okla. 325, 141 P. 280; Stigler v. Wiley, 36 Okla. 291, 128 P. 118; Fullerton-Stuart Lumber Co. v. Badger, 59 Okla. 135, 158 P. 376; Watson v. Doss, 151 Okla. 132, 3 P. (2d) 159.

Defendant insists that there is vice in instruction No. 4, and that, while no exception thereto was saved, we should consider the same as excepted to. This would obviate the necessity for observing the plain requirements of section 542, C. O. S. 1921. It would be also unfair to the trial court, who had a right to assume, and perhaps did assume, that the instruction was unobjectionable and was warranted in governing himself accordingly. It is worth noting that no attack was made on this instruction in the motion for new trial.

Without respect to any omissions or irregularities referred to herein, we have out of abundant caution carefully gone over the entire record, the evidence, the briefs, the instructions, the findings and final judgment, and we are of the opinion that the case has been fairly and intelligently tried and properly disposed of, for all of which reasons the judgment is affirmed.

It having been brought to the attention of the court that a supersedeas bond of $500 has been given by plaintiff in error, with A. L. Griffith and S. A. Bryant, as sureties, copy whereof is shown in the case-made, and upon which defendant in error prays judgment, this motion should be and is sustained, and judgment is hereby rendered on said supersedeas bond against the makers thereof.

The Supreme Court acknowledges the aid of Attorneys Crawford D. Bennett, Earl Foster, and E. E. Blake in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of the law and facts by Mr. Bennett, Mr. Foster approved the same, but Mr. Blake disagreed with the statement of law contained in the first paragraph of the syllabus. The cause was thereafter assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.