## GOOD SAMARITAN LIFE ASS'N v. SMITH.

No. 25241. Jan. 28, 1936.

Rehearing Denied February 25, 1936.

Wright & Wright and S. D. Williams, for plaintiff in error.

R. E. Bowling, for defendant in error.

PER CURIAM. This is an action to recover upon a life insurance policy issued on October 4, 1930, by the Good Samaritan Life Association on the life of Albert E. Smith, under the terms of which the insurer agreed to pay Lula J. Smith, the beneficiary named therein, the sum of $1,000 within 90 days after due notice and satisfactory proof of death of the insured, with the provision that no liabilities should accrue if death of the insured was occasioned by self-destruction. On January 26, 1932, and while said policy was still in force, the insured died as the result of a gunshot wound, and this action was instituted by the plaintiff to recover the balance of $750 alleged to be due on said policy after crediting thereon $250 theretofore paid by the defendant.

The answer of the defendant set up two defenses: First, that the insured came to his death by self-destruction, and as a result thereof no liability accrued under the policy sued on; and, second, that if any liability existed under said policy, same had been completely satisfied and settled.

At the close of the plaintiff's evidence, the defendant interposed a demurrer thereto, and when same was overruled it proceeded to introduce evidence in support of the special defenses set forth in its answer. The record does not disclose that the defendant renewed its demurrer at the close of all of the evidence, or that it moved for a directed verdict at that time. From a judgment in plaintiff's favor for the full amount sued for, the defendant has appealed.

For reversal of the judgment so entered, the defendant urges three propositions: First, that the court erred in overruling its demurrer to plaintiff's evidence; second, that the verdict of the jury and the judgment of the court were not sustained by evidence, but were contrary thereto and contrary to law; and, third, that the court erred in instructing the jury and in refusing certain requested instructions.

The evidence offered at the trial conclus-

ively established the fact that the insured came to his death by a gunshot wound. Evidence was introduced as to the circumstances surrounding his death and as to the circumstances surrounding the settlement made with the plaintiff in pursuance of which the defendant paid to said plaintiff the sum of $250.

We do not feel that the record in this case is such as to justify our considering the weight of the evidence to support the verdict of the jury and the judgment of the trial court. This question is not properly presented for the reason that the defendant, though it interposed a demurrer to the evidence of the plaintiff, failed to renew its demurrer at the close of all testimony, or to move for a directed verdict thereon. Under the rule repeatedly laid down by this court, we are, therefore, precluded from considering the weight of the evidence or its sufficiency to sustain the verdict and judgment rendered in pursuance thereof. In this connection see Local Building & Loan Association v. Hudson-Houston Lumber Co., 150 Okla. 44, 3 P. (2d) 156, where, in the first and only syllabus, this court said:

"If a defendant, after its demurrer to the evidence of the plaintiff has been overruled, does not stand upon the demurrer but puts in its evidence, it waives the demurrer, and if it does not move for a directed verdict after the parties have finally rested. it cannot urge against an adverse verdict that the evidence was insufficient to establish a cause of action in favor of the plaintiff."

See, also, in this same connection, Marland Refining Co. v. Harrel, 167 Okla. 548, 31 P. (2d) 121; Long v. Higgin, 169 Okla. 27, 34 P. (2d) 589; Conner v. Fisher, 169 Okla. 197, 36 P. (2d) 501; Enid Transfer & Storage Co. v. Fisher, 169 Okla. 484, 37 P. (2d) 825; Blolon v. Smith, 170 Okla. 407, 40 P. (2d) 677.

What has been said in regard to the sufficiency of the evidence to support the judgment of the trial court applies both to defendant's first assignment of error and second assignment of error. For the reasons above stated, it is our conclusion that the questions attempted to be raised thereby are not properly presented for review herein, and that there is no merit in either of said assignments.

The third assignment of error, however, presents a more difficult question. We have considered carefully both the instructions given by the court and the instructions requested by the defendant. While it is true that the court might have more clearly covered some of the issues presented, yet, the instructions as a whole, in our opinion, fairly presented all of the material issues for the consideration of the jury. It is urged by the defendant that the pleadings and proof were not such as to justify the giving of an instruction on fraud in connection with the settlement relied on as a defense. In view of the fact that the defendant submitted four requested instructions on this issue, we hardly think it can with consistency thereafter urge that the court committed reversible error in giving an instruction on that issue. Having requested instructions thereon, we hold that the defendant cannot thereafter complain if the court submitted an instruction to the jury fairly stating the law having application to such issue. The instruction of the court on the issue of fraud, in our opinion, fairly stated the law applicable thereto.

The court, in its instructions to the jury, in our opinion, covered all material issues presented in this case. We hold, therefore, that it was not error for the court to refuse instructions requested by the defendant. See Henderson v. Pebworth, 90 Okla. 187, 216 P. 472; Mainard et al. v. Fowler, 171 Okla. 582, 42 P. (2d) 878.

We hold, therefore, that the defendant's third assignment of error is without merit.

The judgment of the trial court is therefore affirmed.

The Supreme Court acknowledges the aid of Attorneys Forrest M. Darrough, J. C. Denton, and W. A. Daugherty in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council. and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Darrough, and approved by Mr. Denton and Mr. Daugherty, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

McNEILL, C. J., OSBORN. V. C. J., and BAYLESS, WELCH, and CORN, JJ., concur.