**INTERNATIONAL PRINTING INK CORP.
v. THE LEADER PRESS.**

No. 26914. Oct. 20, 1936.

Smith & Buckles, for plaintiff in error.

I. L. Harris and Ted R. Elliott, for defendant in error.

PER CURIAM. This action was brought by the International Printing Ink Corporation, an Ohio corporation, against The Leader Press, an Oklahoma corporation, on an open account for the recovery of $516.69, plus $62 interest, or a total of $578.69.

The parties will be referred to as plaintiff and defendant, as in the trial court.

The defendant answered admitting and offering to pay an indebtedness of $359.25. It denied the correctness of the account and pleaded a payment in the sum of $157.44. The plaintiff did not attack the sufficiency of the answer or move that it be made more definite and certain. No reply was filed. On trial the pleadings were treated as admitting the indebtedness, but raising an affirmative defense, and the defendant assumed the burden of proof.

The evidence of defendant was to the effect that the account sued on was correct, but that it had overpaid the plaintiff on other items by the amount of freight bills involved, and was entitled to credit on the account in the sum of $157.44. It appeared that eight months prior to the filing of the action the defendant had written the plaintiff and enclosed a check for $359.25. The letter referred to the issue in dispute, the alleged overpayments, and tendered the

amount of the check in settlement. This was refused.

It also appeared that for some months prior to the mailing of the letter, the defendant had attempted to obtain an adjustment through the plaintiff's salesman, and had expressed its willingness to pay the amount of the bill less the alleged overpayments.

The trial court instructed the jury allowing it to determine the issue as to the alleged overpayments. The jury found for the defendant on this issue and awarded the plaintiff only the amount tendered, $359.25. The trial court rendered judgment for this sum, without costs and without interest.

The plaintiff complains in substance that the defense relied upon by the defendant was an offset or counterclaim and was not properly pleaded; that the plea of payment was not sustained by the evidence as offered.

The plaintiff asserts two propositions of law to the following effect:

"(1) It is the duty of defendant to apprise plaintiff of any special or affirmative defense attempted to be made, by pleading the facts constituting such defense. (2) A defendant seeking affirmative relief must frame his pleading in accord with some definite certain theory and the relief to which he claims to be entitled must be in accord therewith."

As abstract statements of the law, these propositions are sound, but it does not follow from them that the plaintiff is entitled to have this judgment reversed.

The distinction between a payment and an offset is not at all times clear and distinct. The defense in the case at bar might be denominated as a payment, although we are inclined to agree with the plaintiff that it was not a payment but was an offset.

If the plaintiff was in fact surprised by the character of defense, it was its duty to make proper objection to the evidence offered and to save exceptions to adverse rulings. This was not done. There were some objections made to a part of the evidence of the defendant. No exception was reserved by the plaintiff to the court's rulings. No exception having been reserved, these rulings cannot, of course, be relied upon here.

Douthat v. Bank of Quapaw, 96 Okla. 289, 222 P. 547:

"Errors alleged to have occurred at the trial in the lower court in admitting testimony will not be considered on appeal, un-

644

less exceptions to the admission of such testimony were taken."

At the close of the defendant's evidence, the plaintiff demurred. The demurrer was overruled and an exception allowed. The plaintiff then offered evidence and in so doing waived the demurrer.

See Enid Transfer & Storage Co. v. Fisher, 169 Okla. 484, 37 P. (2d) 825.

Long v. Higgins, 169 Okla. 27, 34 P. (2d) 589, in which it is stated:

"That the trial court erred in overruling defendant's demurrer to plaintiff's evidence. It is sufficient to say that defendant waived any right which he might have had by not standing upon the proposition. The record shows that following the overruling of defendant's demurrer, he introduced his evidence and failed to renew his demurrer or move for a directed verdict thereof. Where defendant, after demurrer to plaintiff's evidence is overruled, puts in evidence and does not move for a directed verdict, defendant cannot on appeal after adverse verdict, assert insufficiency of evidence to establish a cause of action."

At the conclusion of the evidence the plaintiff did not move for a directed verdict, nor did it otherwise obtain a ruling of the court upon the sufficiency of the evidence to support the allegations of the answer. Having failed to properly object and save exceptions to the court's rulings upon the evidence, and having failed to obtain a ruling of the court upon the sufficiency of the evidence or reserve an exception, the plaintiff is not in a position to complain.

In fact, it would not appear that the plaintiff was in any manner surprised by the character of the evidence offered. The correspondence and the negotiations between the parties had made a clear-cut issue and indicates that the plaintiff was fully informed as to the defendant's contention. Furthermore, the evidence offered on behalf of the plaintiff would indicate that the plaintiff was not unprepared. The evidence reasonably supports the verdict and it would not appear that any injustice had been done.

A further contention of the plaintiff is that the court's instructions failed to direct the jury as to the allowance of interest. The instructions by the court were with the consent of the parties given orally. At the conclusion the court stated that both parties were allowed exceptions. There is no other showing of exceptions taken and no request for further instructions. If the plaintiff believed that it was entitled to

further instructions as to interest, it was the duty of the plaintiff to make proper request.

Seay v. Plunkett, 44 Okla. 794, 145 P. 496, states the law to the following effect:

"A judgment will not be reversed for failure of the trial court to instruct upon any particular phase or issue, unless request is made at the trial for such instruction."

Miller v. Tennis, 140 Okla. 185, 282 P. 345, states the rule in the following manner:

"It is the duty of counsel to aid the court in the function of instructing the jury. The purpose of permitting requests to charge is that the jury may be fully informed as to all the law governing the case, and the trial court enabled to correct at once any mistakes that may have been made in instructing them, and where the charge of the court does not cover all phases of the case, counsel is bound to call its attention to the omission by an appropriate request, or be precluded from making such failure available as reversible error."

By reason of its failure to request an instruction upon this particular issue, the plaintiff is not in a position to urge the error here.

Furthermore, it does not clearly appear that the plaintiff would be entitled to interest. On the contrary, it reasonably appears that the defendant was at all times willing to pay the amount for which the verdict was rendered. And the overpayments might have properly borne interest as against the plaintiff. The result reached does not appear to represent an injustice to the plaintiff.

The judgment of the trial court is affirmed.

The Supreme Court acknowledges the aid of Attorneys Earl Q. Gray, Wm. G. Davisson, and Stephen A. George in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Gray and approved by Mr. Davisson and Mr. George, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted, as modified.

McNEILL, C. J., OSBORN, V. C. J., and PHELPS, CORN, and GIBSON, JJ., concur. RILEY, BAYLESS, BUSBY, and WELCH, JJ., absent.