## HUNT BATTERY MFG. CO. v. STOVALL.

No. 28210.　May 10, 1938.

Rehearing Denied July 5, 1938.

Claude Garrett, Hailey Kyser, and Douglas Garrett, for plaintiff in error.

Forrester Brewster and R. M. Mountcastle, for defendant in error.

HURST, J. This is an action to recover damages for fraud in connection with the purchase of an automobile. Verdict and judgment were rendered for plaintiff in the sum of $325 actual damage and $100 punitive damage. Defendant appeals making six assignments of error, which are briefed and presented under two propositions.

The first contention is that the verdict

is not sustained by sufficient evidence and is contrary to law. It is argued that plaintiff failed to prove that she was injured by the fraudulent representation. Cases are cited to support the rule that such proof is necessary to establish a cause of action for fraud. We agree that such is the rule, but it is unnecessary for us to determine its applicability to the evidence adduced by plaintiff. The record discloses that the defendant, after its demurrer to plaintiff's evidence was overruled, presented its evidence, but failed to move for a directed verdict or renew its demurrer at the conclusion of the entire evidence. In such case, defendant cannot, on appeal, after adverse verdict, assert the insufficiency of evidence to establish a cause of action. Long v. Higgins (1934) 169 Okla. 27, 34 P.2d 589; Good Samaritan Life Ass'n v. Smith (1936) 176 Okla. 61, 54 P.2d 651; International Printing Ink Corporation v. Leader Press (1936) 177 Okla. 642, 61 P.2d 664.

■ Defendant's second contention is that the verdict is contrary to law and in disregard of the court's instructions. In this connection, it is argued that punitive damages are not recoverable in this action because the same involves a breach of contract for which such damages are not recoverable by law, and is not an action for fraud. The effect and substance of defendant's contention is that the court erred in submitting the case to the jury on the question of fraud. The plaintiff answers by stating that this is an action for fraud which induced her to enter into the contract, and is not an action for breach of an obligation arising from contract.

Without determining the merit of defendant's contention that this action was one for breach of contract, the record discloses that the trial court submitted the case to the jury under instructions pertaining to actionable fraud, and further informed the jury that it could, if it found for plaintiff, assess punitive damages against defendant, which is proper in action based upon fraud and not arising from contract. Section 9962, O. S. 1931. Defendant interposed no objection to these instructions, and took no exception thereto. Defendant is therefore concluded by its failure to so object and take exception, and this court will not examine the same upon appeal. Harris v. Smith (1931) 149 Okla. 277, 300 P. 392; Freed Furniture Co. v. Criterion Adv. Co. (1935) 171 Okla. 92, 42 P.2d 123; Carter v. Bond & Bond (1935) 174 Okla. 28, 49 P.2d 701.

Plaintiff prays that judgment be rendered against the principal obligor and sureties on the supersedeas bond. The trial court is directed to enter such judgment in the proper amount.

Affirmed.

BAYLESS, V. C. J., and RILEY, PHELPS, and CORN, JJ., concur.