## BIRCHFIELD et al. v. EEDS.

No. 33854.   Dec. 19, 1950.
Rehearing Denied Feb. 20, 1951.
Second Petition for Rehearing
Denied March 13, 1951.

*228 P. 2d 642.*

Robert W. Maupin and Morton Perry, Oklahoma City, and Denham A. Maupin, Alexandria, Va. for plaintiffs in error.

Mike Foster, Oklahoma City for defendant in error.

HALLEY, J. The parties will be referred to according to the positions they occupied in the lower court, or by name.

The defendant Frank Birchfield had a lease on a business building located on lot 20 in block 19 in the town of Jones, Oklahoma. He had a store in the building. There was a help-yourself laundry in a part of the building which the defendant had leased to L. L. Mears until October 15, 1946. The plaintiff purchased this laundry, together with the lease, from Mears and went into possession on April 1, 1946. She

continued to occupy the premises until January, 1947, when the defendant Frank Birchfield moved the laundry to another part of the building, in the northeast corner and to the rear. No new written lease was entered into by the parties. The plaintiff had been paying $20 per month rent on the old location. She claims she was to have the new location at $10 per month. The defendants say it was to have been $20. The defendants had been put to some expense in making the change in the location of the laundry. They desired to enlarge the space occupied by the store. Rent was paid at the rate of $20 per month until January 15, 1947. On Saturday, February 15, 1947, the plaintiff paid $10 on the rent. She claimed that this paid one month's rent. The defendants say it was only half a month's rent. On Monday morning following the payment of this $10 the plaintiff went with her son to the laundry and found that it was locked. Plaintiff testified that the defendant Vivian Birchfield told her that "they had locked the door and cut off the water and gas and turned it over to their lawyer." The defendants denied this. On February 21, 1947, the plaintiff was served with a five-day notice to quit for nonpayment of rent. On March 25, 1947, this action was brought.

The defendants denied locking the plaintiff out and said that the key to the laundry was in the cash register in the store, where it was always kept. Considerable evidence was offered on both sides in the trial of the case, and a verdict was rendered for the plaintiff.

The defendants urge five propositions for reversal, and they will be discussed in order.

1. In their first proposition defendants assert that the plaintiff was a tenant at will and that the jury, under the instructions of the court, were permitted to assess damages for loss of profits to plaintiff's business on the theory that plaintiff had a lease for a year to commence upon the expiration of the Mears lease on October 15, 1946. In her petition plaintiff alleged that she had an oral agreement with defendants to occupy the premises for a year following the expiration of the Mears lease at a rental of $20 per month, and that it was reduced to $10 in a new location. At the trial of the case she offered proof in support of these allegations. These allegations were denied by defendants in their answer. An examination of the record discloses that there was sufficient evidence upon which the jury could have found for the plaintiff upon this issue, and in our opinion this assignment of error cannot be sustained.

2. For their second proposition defendants urge that there has been no constructive eviction because there has been no abandonment of the premises by the plaintiff, inasmuch as she left the washing machines on the premises. However, under the testimony of the plaintiff, the laundry was locked and the water and gas cut off, and she could not carry on a help-yourself laundry business. Under such circumstances we think there was an abandonment of the premises, even though the washing machines and tubs were left on the premises, since the business carried on under the tenancy was cut off. This was held in the case of Baptist General Convention et al. v. Wright, 136 Okla. 150, 276 P. 777:

"Any disturbance of the tenant's possession by the landlord or by someone under his authority whereby the premises are rendered unfit for occupancy for the purpose for which they were demised, or the tenant is deprived of the beneficial enjoyment of the premises, amounts to a constructive eviction, if the tenant abandons the premises within a reasonable time."

The plaintiff filed this action shortly after her alleged eviction and never went into possession of the premises, and it was never again devoted to the use of a help-yourself laundry.

3. For their third proposition defendants urge a matter which is partially covered under their fourth proposition, and that is the alleged error of the court in giving instruction No. 8, wherein the jury was told that if the defendants "forcefully" took possession of the premises they were only entitled to the rent up until the time they took possession. The defendants never excepted to this instruction, and the giving of it was not fundamental error because the defendants were entitled only to collect rent up to the eviction, whether it be constructive or with force, and we have decided it was at least constructive eviction. Failure to save proper exceptions to instruction complained of is a waiver of objection. Watson v. Doss, 151 Okla. 132, 3 P. 2d 159; 12 O. S. 1941 §578.

4. The defendants claim in their fourth proposition that the court did not properly instruct the jury in that he failed to give necessary instructions and gave improper instructions. The defendants agreed that the court could give oral instructions. The defendants never submitted a requested instruction to the court. After reading the instructions, we are of the opinion that the issues were fairly covered and that there was no fundamental error contained therein either in giving or in failing to give instructions. As to the instructions on the measure of damages about which defendants complain, we see no error. It covered the damages claimed in the petition and sustained by plaintiff's proof. As has been said no instructions were requested, and we have held that where no instructions on the measure of damages or on the duty of plaintiffs to minimize their damages are requested by defendants, and no issue on either question is presented, failure to give such instructions is not error. Title 23 O. S. 1941 §71; Main v. Levine, 189 Okla. 564, 118 P. 2d 252.

Instruction No. 9 was complained of. We set it out:

"You are further instructed that where one forcefully ejects another from property and takes over personal property, that it is his duty under the law to take said property and to use all due precautions in preserving the same for the person from whom it was taken."·

No claim was made that the property left on the premises had been damaged by the defendants, nor was any claim made or proof offered that there was any loss sustained in that regard. This instruction could have been omitted but no harm was done by giving it when considered with the other instructions given. There was no element of damage submitted to the jury except the loss in the business. The allegations in the petition of the use of force were not substantiated by the evidence, but the jury was told that the allegations in the pleadings were not evidence. Kurn v. Manley, 194 Okla. 574, 153 P. 2d 623. This instruction, when considered with all other instructions, was harmless. The right to recover existed whether the eviction was constructive or by force. The jury could not but have a clear picture of the issues in the case. See Crowl v. Ross, 113 Okla. 291, 214 P. 1105.

5. For their fifth proposition, the defendants argue that their demurrer to the evidence should have been sustained. No motion for directed verdict was filed in this case at the close of defendants' evidence. The rule of this court on this point has been overlooked. We have held that when a demurrer to the evidence has been overruled and the defendant offers testimony, it is necessary for the defendant to move for a directed verdict or the demurrer to the evidence will be deemed to have been waived. Bolon v. Smith, 170 Okla. 407, 40 P. 2d 677; Self v. Vickery, 201 Okla. 492, 207 P. 2d 287; Good Samaritan Life Ass'n v. Smith, 176 Okla. 61, 54 P. 2d 651; Hunt Battery Mfg. Co. v. Stovall, 183 Okla. 242, 80 P. 2d 623.

Affirmed.